United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40350
Summary Calendar
_____

GUILLERMO BERRIOCHOA LOPEZ; TRANSPORTES INTERMEX
S A DE C V; S'ANTONIO TRANSPORTES S A DE C V; JOSE
SILVANO MAGANA LOPEZ; JOSE ALFREDO MAGANA LOPEZ;
MIGUEL ANGEL DE LA ROSA SANCHEZ SERVICIO TECNICO
AUTOMOTRIZ PERISUR S A DE C V; TOMAS DE LA ROSA PARRA;
ERNESTO VALLET HACES; MAX E. BARTON; CARLOS BERRIOCHOA,

                                        Plaintiffs - Appellants,

versus

NORMAN Y. MINETA, SECRETARY, DEPARTMENT OF TRANSPORTATION;
MARY E. PETERS, Administrator of Federal Highway
Administration; JOSEPH M. CLAPP, Administrator of the
Federal Motor Carrier Safety Administration; DOES, 1-100
INCLUSIVE,

                                        Defendants - Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CV-208

---

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Appellants appeal the dismissal of their civil rights

action, asserted against several United States Government officers

in their official and individual capacities.  The United States and

---

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

its officers are immune from suit under <u>Bivens v. Six Unknown Named Federal Narcotics Agents</u>, 403 U.S. 388 (1971), and the civil rights statutes, and such actions may be brought only against persons acting in their individual capacities. <u>See</u> <u>Affiliated Prof'l Home Health Care Agency v. Shalala</u>, 164 F.3d 282, 286 (5th Cir. 1999).

The district court held that it did not have personal jurisdiction against the defendants in their individual capacities. Although the appellants alleged that the defendants' actions prevented them from operating in or investing in companies within the State of Texas, those claims clearly pertain to acts taken by them in their official capacities. There are no allegations showing that the defendants, as individuals, had either specific or general minimum contacts within the State of Texas. <u>See</u> <u>Wilson v. Belin</u>, 20 F.3d 644, 647 (5th Cir. 1994). The appellants have not shown that the district court's order was plainly erroneous. <u>See</u> <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). We do not reach the appellants' arguments regarding the merits of their constitutional claims.

**AFFIRMED.**